# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRADLEY BEAUCHAINE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-14091** |
| **ENTERPRISE MARINE SERVICES, LLC & ABC INSURANCE COMPANY** | **SECTION "S"** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment (Doc. #17) is **DENIED**.

## BACKGROUND

This matter is before the court on a motion for partial summary judgment filed by defendants, Enterprise Marine Services, LLC and ABC Insurance Company. Defendants argue that they are entitled to summary judgment on plaintiff's Jones Act claim because the undisputed evidence demonstrates that plaintiff, Bradley Beauchaine, was solely at fault for his alleged accident. Plaintiff argues that there are disputed issues of material fact that preclude summary judgment on his Jones Act claim.

Beauchaine filed this action under the Jones Act against his employer, Enterprise, alleging that on November 4, 2015, he was injured while working as a seaman aboard the M/V RYAN, a vessel owned and operated by Enterprise. Beauchaine alleges that he slipped and fell while scrubbing the vessel, causing him to sustain injuries to his right hand, thumb and knee. Beauchaine alleges that Enterprise's negligence caused the accident in that Enterprise failed to provide a safe place to work and allowed a dangerous slip and fall hazard to exist on the vessel. Beauchaine also alleged claims against Enterprise for unseaworthiness and failure to pay maintenance and cure.

1

At his deposition, Beauchaine testified that, on November 4, 2016, he came on duty at 12:00 p.m., and was instructed by the pilot to relieve the other tankerman, Abrham Isaacs, and assume the job of washing the M/V RYAN's decks. The lower-main deck was the sole remaining surface to be washed. Beauchaine, who was wearing the correct uniform to do the job, retrieved a bucket, soap, scrub brush, flat brush and hose, which was all he needed to do the job properly. At approximately 2:00 p.m., while he was washing the stern lower-main deck on the port side of the vessel, Beauchaine slipped on soap and tripped on a hose that he was using to wash the deck. He hit his hand on the port stern winch.

Enterprise filed the instant motion for summary judgment arguing that Beauchaine's testimony that he had all of the equipment necessary to do the job safely proves that Enterprise was not negligent in causing Beauchaine's alleged accident, and that it is entitled to summary judgment on Beauchaine's Jones Act claim. Enterprise claims that Beauchaine was at fault for his own alleged accident.

Beauchaine argues that there are disputed issue of material fact that preclude summary judgment in Enterprise's favor on his Jones Act claim. Beauchaine argues that Enterprise was negligent in providing insufficient non-skid surfaces on the main deck, which he alleges caused him to slip. Beauchaine testified at his deposition that, about a month before the accident, all of the M/V RYAN's decks were repainted and new non-skid material was applied. However, non-skid material was not applied to the main deck on the captain's order to repaint it without applying new non-skid material. Beauchaine claims that the new paint reduced the effectiveness of the non-skid material that was previously on that deck. Beauchaine also claims that Enterprise was negligent because water did not drain well from the vessel's decks. Further, Beauchaine argues that Enterprise was negligent in that the hose used to wash the main deck creates a tripping hazard

because the water source on the main deck cannot be used when the vessel is underway due to the fact that it is behind water-tight doors that must be kept closed. Finally, Beauchaine argues that Enterprise was negligent in providing an insufficient crew because there was nobody to assist him in washing the deck.

## ANALYSIS

**I.  Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 106 S.Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit

evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

## II. Jones Act Negligence

Under the Jones Act, 46 U.S.C. § 30101, *et. seq*, a seaman's employer is liable for damages if the employer's negligence, including negligence of the employer's officers, agents, or employees, caused the seaman's injury. See Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 335 (5th Cir. 1997) (*en banc*); see also Hopson v. Texaco, Inc., 86 S.Ct. 765, 766 (1966). The employer is held to a standard of ordinary prudence under the circumstances. Id. "An employer 'has a continuing duty to provide a reasonably safe place to work and to use ordinary care to maintain the vessel in a reasonably safe condition.'" Lett v. Omega Protein, Inc., 487 Fed. Appx. 839, 843 (5th Cir. 2012) (quoting 1 Admiralty & Maritime Law § 6-22 (5th ed.)). The terms "slightest" and "featherweight" have been used to describe the reduced standard of causation between the employer's negligence and the employee's injury, and a seaman must only show that "his employer's negligence is the cause, in whole or in part, of his injury." Gautreaux, 107 F.3d at 335; Johnson v. Offshore Express, Inc., 845 F.2d 1347, 1352 (5th Cir. 1988). However, "[u]nder familiar principles of negligence, in Jones Act cases, there must be some evidence from which a jury can infer that the unsafe condition existed and that the owner either knew or, in the exercise of due care, should have known of it." Perry v. Morgan Guar. Trust Co. of N.Y., 528 F.2d 1378, 1379 (5th Cir. 1976).

The Jones Act adopts a comparative negligence standard in which a seaman's recovery is reduced in proportion to his fault if he contributes to his own injury by not exercising ordinary prudence under the circumstance. Johnson v. Cenac Towing, 544 F.3d 296, 302 (5th Cir. 2008). "The circumstances of a seaman's employment include not only his reliance on his employer to

4

provide a safe work environment but also his own experience, training or education. The reasonable person standard, therefore, [in] a Jones Act negligence action becomes one of the reasonable *seaman* in like circumstances." Id. (quoting Gautreaux, 107 F.3d at 339) (emphasis in original). An employer must show that the seaman's negligence "'played any part, even the slightest, in producing the injury'" to establish the seaman's comparative negligence. Id. (quoting Chisholm v. Sabine Towing & Transp. Co., Inc., 679 F.2d 60, 62 (5th Cir. 1982)).

Enterprise argues that Beauchaine's testimony proves that Enterprise was not negligent in causing Beauchaine's alleged accident because Beauchaine had all of the materials necessary to do the job. Beauchaine has pointed out several disputed issues of material fact that preclude summary judgment, including Enterprise's potential negligence regarding the application of non-skid material, the drainage of water from the decks, the placement of water sources on the vessel and the sufficiency of the crew. Therefore, Enterprise's motion for summary judgment is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment (Doc. #17) is **DENIED**.

New Orleans, Louisiana, this 25th day of May, 2017.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

5